**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael GAYOU, Defendant–Appellant.**

**No. 89–30096.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1989.

Opinion Jan. 30, 1990.

Opinion Withdrawn Feb. 12, 1990.

Decided April 13, 1990.

---

James T. Ranney, Missoula, Mont., for defendant-appellant.

Kris A. McLean, Asst. U.S. Atty., Helena, Mont., for plaintiff-appellee.

Before CANBY, WIGGINS and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Michael Gayou challenges the district court's upward departure from the calculated sentencing guideline range. Specifically, Gayou claims that the court erroneously determined that the defendant's criminal history did not "adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3. Gayou also contends that even if the court's determination was correct, the extent of the departure was excessive and unreasonable. We vacate the sentence and remand for resentencing.

---

**1.** 18 U.S.C. § 922(a)(6).

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(3).

## BACKGROUND FACTS

In early April, 1988, Gayou embarked upon a "shopping spree" in Montana and Utah. That "spree" ended three weeks later after he had written over $186,000 in checks with insufficient funds, and had purchased and sold deadly weapons.

As a result of these events, Gayou pled guilty to state charges in both Montana and Utah and to two counts of making false statements to purchase firearms.[1] His sentencing on the latter counts is the subject of this appeal.

Prior to sentencing, the district court ordered that a presentence report be prepared. The presentence report recommended an upward departure. Gayou was subsequently sentenced to twenty months for each count to be served consecutively and a three year period of supervised release as to each count to run consecutively. The district court incorporated the presentence report as a basis for its sentence. The court further stated that it did not believe that:

> the criminal history computation in the guidelines ... adequately reflects the Defendant's criminal behavior, the antisocial behavior of the Defendant which is set forth in the presentence report, and the likelihood of further offenses, at least in the opinion of the probation officer as well as his belief that the Court's finding that the Defendant is a danger to himself and to others.

## STANDARD OF REVIEW

We review the question of whether a ground was adequately taken into account by the Sentencing Commission de novo. *United States v. Lira–Barraza*, 897 F.2d 981, 983–84 (9th Cir.1990); *United States v. Nuno–Para*, 877 F.2d 1409, 1413 (9th Cir.1989).

We review the question of whether the facts justify the decision to depart for clear error, *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989), or for abuse of discretion, *Lira–Barraza*, at 984.[2]

## DISCUSSION

The district court departed from the Guidelines on two grounds: 1) the Guidelines did not adequately reflect Gayou's criminal history, and 2) Gayou posed a danger to the community. U.S.S.G. § 4A1.3 provides that a court may depart from the Guidelines "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 5K2.14 provides that "[i]f national security, public health, or safety was significantly endangered, the court may increase the sentence above the guideline range to reflect the nature and circumstances of the offense." Since these are precisely the reasons for which the judge indicated that he departed, we find that his decision that those were proper grounds for departure was legally sound.

Our next step is to determine whether the facts of this case support a decision to depart. Although criminal history is a permissible ground for departure, since the Guidelines already consider a defendant's criminal history in computing his sentence, this ground should be utilized "only in limited circumstances where the defendant's record is 'significantly more serious' than that of other defendants in the same [criminal history] category." *United States v. Hernandez–Vasquez*, 884 F.2d 1314, 1316 (9th Cir.1989). Section 4A1.3 suggests the following three examples of when departure from a defendant's criminal history category may be proper:

(c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;
(d) . . . defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense;
(e) prior similar adult criminal conduct not resulting in a criminal conviction.

In this case, the presentence report indicates that Gayou had three prior probation revocations and an outstanding bench warrant for absconding from probation. These evidence his failure to comply with administrative orders. *See* U.S.S.G. § 4A1.3(c). Further, the report details that at sentencing Gayou had six outstanding warrants for traffic violations and failures to appear in Salt Lake City, had an active warrant for the issuing of bad checks totalling $186,000 during his "shopping spree" in Utah, and had recently pled guilty to three counts of theft and one count of bad check writing (also a result of his "joyriding") in Montana. Thus, Gayou was pending trial and sentencing in several forums when he was sentenced in this case. *See* U.S.S.G. § 4A1.3(d). Finally, the report reveals that he was charged with carrying a concealed weapon and impersonating a police officer, but that those charges were dismissed when the police officer did not appear, and that he was involved in bad check writing and carrying a concealed weapon while he was undergoing treatment at the Mount Timpanogos Mental Hospital, but that he was not charged due to the fact that he was reincarcerated. These incidents illustrate that he was involved in criminal activity that did not result in convictions. *See* U.S.S.G. § 4A1.3(e). We find that these facts justify the district judge's decision to depart in this case.

Additionally, the district court did not abuse its discretion in departing because Gayou posed a danger to himself and to others. The presentence report supports

2. We see these two standards as companion standards. In reviewing the district court's decision under the clearly erroneous standard, we must accept the lower court's findings of fact unless upon review we are "left with the definite and firm conviction that a mistake has been committed." *Dollar Rent–A–Car of Washington Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371, 1374 (9th Cir.1985), *quoting, United States v.*

*United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). In reviewing the district court's decision for an abuse of discretion, we will reverse "only if we have a definite and firm conviction that the [lower court] committed a clear error of judgment in the conclusion it reached." *Abatti v. Commissioner*, 859 F.2d 115, 117 (9th Cir.1988).

this finding. The report indicates that Gayou has both discussed committing and attempted to commit suicide. The report also reveals that defendant's therapists at Mount Timpanogos Mental Hospital found him to be a "hard-core antisocial" whose chances of benefitting from therapy were minimal at best. One therapist found him to be "a danger to himself and others, especially others." An evaluation completed at Salt Lake County Mental Health indicated that Gayou had sociopathic tendencies and tended to be involved in behaviors outside the law. Counselors even questioned whether his accidental killing of his brother was truly an accident.

Also, the presentence report reveals that Gayou was abusive to both his wife and his son. On one occasion, he slapped his wife several times and held a loaded gun to her head. His wife also stated that Gayou spanked his son so hard that he left blisters on his son's bottom. These facts, coupled with Gayou's obvious infatuation with guns, point to his dangerousness. We find that the court's factual determinations were not clearly erroneous and that the court did not abuse its discretion when it departed on this ground as well.

■ Gayou contends that even if departure was justified, the extent of the court's departure was excessive and unreasonable. It is clear that even if the district judge chooses to depart from the Guidelines he must "use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." U.S.S.G. § 4A1.3. *See also United States v. Cervantes–Lucatero*, 889 F.2d 916, 918–19 (9th Cir.1989); *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989) (per curiam); *Nuno–Para*, 877 F.2d at 1413. " 'Reasonableness' implies that a sentencing judge must provide articulable reasons, of a type contemplated by the Act and the Guidelines, and based on a sufficiently sound factual foundation, to justify [the extent of the] departure from the guidelines." *United States v. Miller*, 874 F.2d 466, 471 (7th Cir.1989) (court failed to properly justify extent of departure). *See*

*also United States v. Jackson*, 883 F.2d 1007, 1009 (11th Cir.1989) (district court clearly identified that it chose criminal history category IV because it added points for a robbery and a violation of probation that were not calculated into criminal history category computation); *United States v. Sturgis*, 869 F.2d 54, 57 (2d Cir.1989) (court explained that it departed to criminal history category V by adding points for pending state felonies to the defendant's criminal history category); *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989) (court failed to properly justify departure because failed to state definitively why lesser adjustments to criminal history category were inadequate).

In short, we believe that the expectations expressed by the Senate Judiciary Committee in its report of August 3, 1983, should be fulfilled. It said:

> The statement of reasons for a sentence outside the guidelines is especially important.... If the appellate court finds that a sentence outside the guidelines is unreasonable, the case may be remanded to the trial court for resentencing.... The statement of reasons will play an important role in the evaluation of the reasonableness of the sentence. In fact, if the sentencing judge fails to give specific reasons for a sentence outside the guidelines, the appellate court would be justified in returning the case to the sentencing judge for such a statement.

S.Rep. No. 98–225, 98th Cong., 2d Sess. 80, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3263. This is most assuredly proper, and should be followed here.

In this case, the district court's sentence was almost double the sentence allowed by the highest criminal history category for Gayou's offense level.[3] Yet the court failed to indicate how it arrived at the sentence that it imposed. It did not refer at all to the Guideline ranges set for criminal histories that resulted in categories just above the category applicable to Gayou. The court's silence makes it impossible for us to review the reasonableness of the de-

---

**3.** Gayou's offense level was 7, with a criminal history category of IV, the range for which is 8–14 months. The highest criminal history cate-

gory is Category VI, and its range is 15–21 months, at an offense level of 7.

parture. *See Wells*, 878 F.2d at 1233 (court's findings must be sufficiently specific to provide for meaningful review). *Accord Cervantes Lucatero*, 889 F.2d 918–19.

When the district court departs from the Guidelines and fails to give specific reasons for the extent of that departure, the sentence should be vacated and the case should be remanded for resentencing.[4]

## CONCLUSION

The district court correctly determined that this was a case where departure was proper. However, it failed to give an adequate explanation of its reasons for departing to the extent that it did. That requires us to vacate the sentence and remand the matter for resentencing.

VACATED AND REMANDED.

---

**4.** We note that in *Lira–Barraza*, 897 F.2d at 986, we said that a sentencing judge should also discuss published cases. The district court did not do so in this case. Of course, it did not then have *Lira–Barraza* before it, and, in any event, *Lira–Barraza* said that failure to do so would not be a "per se abuse of discretion." *Id.* However, we do not believe that *Lira–Barraza* meant that the district court can simply throw the Guidelines to the wind once it decides to depart, and we intend to make it clear that the district court cannot do so.