946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmie L. WARD, Defendant-Appellant.
 No. 91-10154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1991.*
Decided Oct. 9, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie L. Ward ("Ward") appeals his resentencing in the district court. Ward argues that the sentencing judge did not state his reasons for an upward departure or the degree of departure from the applicable sentencing range with sufficient specificity. Ward also appeals the district court's denial of an evidentiary hearing. We affirm in part and remand for resentencing.
 
 BACKGROUND
 
 3
 Ward was convicted of attempted extortion by false representation, demanding money by false representation, and extortion affecting interstate commerce on January 18, 1989. Ward's presentence report calculated his sentencing range to be 33-41 months, based on an adjusted offense level of 14 and a criminal history category of V.
 
 
 4
 On March 23, 1989, the district court sentenced Ward to 60 months' confinement and a five-year term of supervised release, which was an upward departure from the applicable sentencing range. Ward appealed, and we remanded for a more specific statement of the reasons for and the degree of the upward departure.
 
 
 5
 On March 18, 1991, the district court resentenced Ward and reimposed the same sentence. The district court also issued a new statement of reasons for the sentence. Ward appeals.
 
 DISCUSSION
 
 6
 On Ward's first appeal, we held that the district court's bases for upward departure, obstruction of justice and inadequate representation of criminal history were proper. United States v. Ward, 914 F.2d 1340, 1348 (9th Cir.1990) (Ward I ). Therefore, we are now called upon to decide only whether the departure was reasonable. See United States v. Lira-Barraza, No. 88-5161, slip op. at 9025, 9029-30 (9th Cir. July 22, 1991) (en banc).
 
 A. Obstruction of Justice
 
 7
 We hold that the district court adequately distinguished Ward's case from ordinary cases of obstruction of justice. See Ward I, 914 F.2d at 1348 (holding that the "district court may not depart upward based upon the defendant's obstruction of justice unless Ward's case of perjury was significantly more egregious than the ordinary cases of obstruction listed in the application notes to [U.S.S.G] § 3C1.1").
 
 
 8
 However, the district court did not offer any reason for increasing Ward's offense level to "17" rather than some other number. Cf. United States v. Montenegro-Rojo, 908 F.2d 425, 430-31 (9th Cir.1990); United States v. Gayou, 901 F.2d 746, 749 (9th Cir.1990). We therefore have no basis from which to determine whether the degree of departure was reasonable. Ward I, 914 F.2d at 1347.
 
 
 9
 We remand for a more definite statement of the district court's reason for the degree of upward departure based on Ward's obstruction of justice.[1] In so doing it should give particular attention to the requirements outlined in Lira-Barraza, slip op. at 9030-39.
 
 B. Criminal History
 
 10
 We held in Ward I, 914 F.2d at 1347-48 n. 8 & 1348, that the district court properly could depart upward based upon Ward's uncounted 1970 forging and uttering conviction, his uncounted 1975 arson conviction, and his fugitive status when he committed the instant offense. At resentencing, the district court properly analogized Ward's criminal history to the category it thought reflected Ward's "true" criminal history, which was Category VI. However, the district court did not clearly articulate why Category VI was the appropriate category for analogy. Gayou, 901 F.2d at 749.
 
 
 11
 We nevertheless affirm the district court's upward departure for inadequate criminal history. Category VI was the only higher category, since Ward was already in Category V. Also, it is apparent that adding even one point to Ward's criminal history for each of the three articulated factors warranting upward departure would place Ward in Category VI. We need no further illumination to enable us to see that the analogy is appropriate. See Montenegro-Rojo, 908 F.2d at 431 (considering what the criminal history calculation would have been if the factors for upward departure had been counted).
 
 C. Evidentiary Hearing
 
 12
 Defendant did not request an evidentiary hearing or challenge the factual bases for upward departure in his first sentencing and appeal. Ward I, 914 F.2d at 1347-48. We therefore find that he is precluded from challenging the factual bases for departure on this second appeal. See Walnut Properties, Inc. v. City of Whittier, 861 F.2d 1102, 1106 (9th Cir.1988), cert. denied, 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 157 (1989); Kemmis v. McGoldrick, 767 F.2d 594, 598 (9th Cir.1985).
 
 CONCLUSION
 
 13
 The district court's factual determinations and its decision to depart to criminal history Category VI are affirmed. However, because the reasons for the extent of the three point offense level departure were not sufficiently articulated, we vacate the sentence and remand for resentencing.
 
 
 14
 AFFIRMED in part. Sentence VACATED and REMANDED for a more definite statement and resentencing in light of that statement.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On remand, the district court should apply the Guidelines in effect at the time of Ward's original sentencing in order to avoid any ex post facto problem. See United States v. Mims, 928 F.2d 310, 312 n. 1 (9th Cir.1991); United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991). We note, however, that the result in this case would be the same under the Guidelines at the time of original sentencing and the Guidelines at the time of resentencing