951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson McNEAL aka: Floyd Edward; aka: "Mjoaji
Shambulia,", Defendant-Appellant.
 No. 90-50532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 16, 1991.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson McNeal, aka "Floyd Edward," challenges the district court's upward departure from the sentencing guideline range. He argues that the district court erred in three respects: (1) the district court did not have the authority to depart from the guidelines, (2) the district court relied on facts that did not justify a departure, and (3) the extent of the departure was unreasonable. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(3) and 28 U.S.C. § 1291. We affirm.
 
 
 3
 On June 22, 1990, McNeal was convicted on his plea of guilty to two counts of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 28, 1990, the court held a departure hearing. Thereafter, it sentenced McNeal to 72 months in prison, exceeding the guideline range of 15 to 21 months.
 
 
 4
 The court gave two reasons for its departure: (1) the Guidelines did not adequately reflect the aggravating circumstance in McNeal's case, and (2) McNeal posed a significant danger to the community pursuant to U.S.S.G. § 5K2.14.
 
 
 5
 In reviewing the propriety of departures from the Sentencing Guidelines, we look at three issues:
 
 
 6
 (1) whether the district court had legal authority to depart;
 
 
 7
 (2) whether the factual findings supported the existence of the identified aggravating circumstance;
 
 
 8
 (3) whether the extent of the departure was "unreasonable" within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2). U.S. v. Lira-Barraza, 941 F.2d 745, 746-751 (9th Cir.1991) (en banc). We now consider each of these issues in turn.
 
 
 9
 First, we review de novo a district court's legal authority to depart from the Guidelines. Id., 941 F.2d at 746. A district court may depart where the aggravating circumstance was not adequately considered by the Commission. Id.
 
 
 10
 The court in this case identified the aggravating circumstance as selling firearms to people whom McNeal knew were convicted felons and gang members. It then characterized such gang activity as a "scourge" to society that the Commissions had not contemplated in enacting the Guidelines. We agree. See e.g., U.S. v. Sweeting, 933 F.2d 962, 966 (11th Cir.1991) (Guidelines do not contemplate defendant's leadership of a violent street gang responsible for "drive-by" shootings);[1] U.S. v. Schular, 907 F.2d 294, 298 (2d Cir.1990) (Sentencing Guidelines do not account for defendant's knowledge that the firearms he sold will be used for criminal activities such as gang wars).[2] Furthermore, we have already held that an upward departure is legally sound where "national security, public health, or safety was significantly endangered" pursuant to U.S.S.G. § 5K2.14. U.S. v. Gayou, 901 F.2d 746, 748 (9th Cir.1990). Thus, because gang activity is an aggravating circumstance not considered by the Commission, and because departure based on U.S.S.G. § 5K2.14 is permissible, the court had the legal authority to depart.
 
 
 11
 Second, we review for clear error factual findings supporting the identified aggravating circumstance. Lira-Barraza, 941 F.2d at 746. In this case, the district court meticulously followed the Lira-Barraza test. The court made the following factual findings to support an upward departure under § 5K2.14:
 
 
 12
 1. Defendant offered to sell firearms to an undercover officer who posed as a convicted felon unable to legally purchase a gun.
 
 
 13
 2. Defendant bought a number of guns of the type used by gang members.
 
 
 14
 3. Defendant transported those guns to known gang areas.
 
 
 15
 4. After driving to a known gang area, defendant feigned going to work after noticing that he was being followed.
 
 
 16
 5. Some of the guns purchased by defendant were recovered from gang members at a time and place close enough to support a conclusion that there was a relationship between McNeal and the gang members.
 
 
 17
 6. A large quantity of ammunition was found at defendant's residence upon execution of a search warrant.
 
 
 18
 7. Defendant was selling guns to people he believed were prior felons and/or gang members.
 
 
 19
 Appellee's Supplemental Excerpt of Record (Reporter's Transcript, 9/28/90) at 102-105.
 
 
 20
 After reviewing the record, we conclude that the court's findings were not clearly erroneous and that the above findings justify an upward departure in this case.
 
 
 21
 Third, we review for abuse of discretion the reasonableness of the extent of departure from the applicable Guideline range. Lira-Barraza, 941 F.2d at 747; U.S. v. Pearson, 911 F.2d 186, 188-191 (9th Cir.1990). A district court must specify the reasons for its sentence to justify the extent of the departure. Lira-Barraza, 941 F.2d at 751. In compliance with the above requirement, the district judge set forth the following reasons explaining his decision:
 
 
 22
 1. Departure to the next criminal history category was insufficient because departure in this case was not due solely to inadequacy of criminal history but due to the danger McNeal presented to public health, safety and welfare.
 
 
 23
 2. Upon upward departure, McNeal faced a statutory maximum sentence of 240 months for both counts.
 
 
 24
 3. McNeal had an extensive criminal past.
 
 
 25
 4. Guns are a scourge on this community.
 
 
 26
 5. Gangs are a scourge on this community.
 
 
 27
 6. McNeal's egregious conduct fueled the "extraordinarily serious problem" of gang violence in the community.
 
 
 28
 7. The government's suggestion of five to seven years is reasonable.
 
 
 29
 8. There is a need to protect the public by deterring the activities of those who supply guns to street gangs.
 
 
 30
 Appellee's Supplemental Excerpt of Record (Reporter's Transcript, 9/28/90) at 113-119.
 
 
 31
 It is evident from the record that the district court made a reasoned decision in departing from the Guideline range. Furthermore, based on the court's justifications, we cannot say that the extent of the upward departure was "unreasonable." We therefore find that the district court did not abuse its discretion in sentencing McNeal to 72 months in prison.
 
 
 32
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Unlike Sweeting, McNeal was not himself a member of a violent street gang. However, his own actions fueled gang violence to a significant extent. Thus, the distinction between Sweeting and the instant case becomes immaterial
 
 
 [2]
 The district court in this case did not make a specific finding that the gang members to which McNeal sold the firearms used them for criminal activities. Such conclusion may be inferred, however, from the very fact that the gang members were buying guns