967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee WYATT, Defendant-Appellant.
 No. 90-10554.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided June 22, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Wyatt appeals the sentence imposed by the district court after he pleaded guilty to two counts of possession of stolen mail. He argues that the district court erred in its increase of the offense level for "more than minimal planning" and loss exceeding $20,000. He also contends that the district court erred in departing upward from the sentence Wyatt would otherwise have received under the Sentencing Guidelines.
 
 
 3
 We vacate and remand for resentencing.
 
 FACTS
 
 4
 On November 8, 1988, the Millbrae, California police arrested a woman named Mary Martinez who was attempting to cash a check by impersonating a bank customer. Martinez told police that Delena Bradix had given her the check to cash, and that Bradix was involved in an extensive fraud operation. Police obtained a warrant to search the home where Bradix resided with her husband, Robert Wyatt. During the search, while both Bradix and Wyatt were present, the police found stolen mail, credit card applications, a moustache and beard disguise kit and a picture of Wyatt wearing the disguise, and catalogues for equipment used to produce photo identification cards. In a second search, the police seized additional evidence of the scheme, including typewriter ribbons. Bradix was convicted after trial for participation in the scheme, which involved stealing the mail of prospective victims, sending victims invitations to apply for a credit card with very attractive terms, and then using the victims' credit information to obtain credit cards in their names from other institutions. While originally indicted for a number of offenses related to the scheme, Wyatt eventually pleaded guilty to two counts of possession of stolen mail.
 
 
 5
 After conducting two sentencing hearings, the district court sentenced Wyatt to two thirty-seven month terms, to run consecutively. Details of Wyatt's sentence are set out below.
 
 DISCUSSION
 I. Increases in Offense Level
 
 6
 After establishing a base level of four, the district court increased the offense level by two points for "more than minimal planning" and an additional six points for an amount of loss of more than $20,000. Wyatt argues that the district court erred in making these increases because there was insufficient evidence to connect him to the scheme which involved the planning and the loss.
 
 
 7
 While a district court's application of the sentencing guidelines is reviewed de novo, its findings of fact are reviewed only for clear error. United States v. Ono, 918 F.2d 1462, 1466 (9th Cir.1990).
 
 
 8
 Here, in increasing the offense level for relevant conduct and the amount of loss, the district court considered the picture of the defendant wearing the fake moustache in the disguise kit found in Bradix' apartment, the presence of his fingerprints on the two pieces of stolen mail and his presence in the apartment and the incriminating evidence in it when it was searched, as well as his lengthy criminal history of participation in similar crimes and schemes. This evidence not only linked Wyatt to the scheme, it showed more than minimal planning to secure large sums in excess of $20,000. The district court did not commit clear error in increasing the offense levels.
 
 II. Upward Departure
 
 9
 Under the Guidelines, the two counts to which Wyatt pleaded guilty were "groupable." See U.S.S.G. §§ 2B1.2 and 3D1.2. Thus, ordinarily the district court would have imposed a sentence based on a single combined offense level. However, the district court in this case decided to depart upward from the sentence Wyatt would otherwise have received under the Guidelines. As a means to effectuate its upward departure, it imposed a sentence of 37 months for each count and set the two sentences to run consecutively. Consecutive sentences to effectuate a total punishment imposed under the Guidelines are authorized "but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). They may be used to effectuate an upward departure, provided that the departure is appropriate under the Guidelines. United States v. Pedrioli, 931 F.2d 29, 31 (9th Cir.1991).
 
 
 10
 Wyatt argues that the district court erred in departing upward. He contends that the court's basis for departing upward, his criminal history, had already been considered in calculating his Guidelines sentence. He also contends that the upward departure was unreasonable.
 
 
 11
 A district court's upward departure is subject to a three-stage review. The district court's legal authority to depart is reviewed de novo. Then, the factual findings supporting the existence of the identified legal ground are reviewed for clear error. Finally, the extent of departure is reviewed to determine if it was "reasonable." United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). The district court must "specify the ground for its decision [to depart upward] on the record." Pedrioli, 931 F.2d at 32 n. 2. It must state its grounds both for the decision to depart and for the extent of departure. United States v. Ward, 914 F.2d 1340, 1347 (9th Cir.1990); United States v. Gayou, 901 F.2d 746, 749 (9th Cir.1990).
 
 
 12
 The district court did not depart upward on an impermissible basis. When Wyatt's criminal history was added up, it exceeded the top category (Category VI) by four points (he had 17; 13 places one in the top category). We have held that in such circumstances, where the criminal history category did not adequately reflect the defendant's prior convictions, upward departure on the basis of criminal history can be appropriate. United States v. Schubert, No. 91-10165, slip op. 1811, 1814-15 (9th Cir. Feb. 24, 1992); United States v. Durham, 941 F.2d 858, 862 (9th Cir.1991).
 
 
 13
 As we found appropriate in Durham, the district court viewed the criminal history category not only as under-representing the defendant's more or less continuous past criminal activity, but as a prognosis of future recidivism. Although Wyatt's crimes have not been violent, they have been frequent and serious and deprived defenseless people of their property through fraud and theft. The fact that Wyatt was immediately reinvolved in fraud upon his release from prison in a way that suggested advance planning was also a factor that could weigh into the decision to depart upward. Thus, there was a basis for departure upward and the district court complied with the requirements of Lira-Barraza and Pedrioli by explaining that it was departing upward because Wyatt had committed numerous crimes involving substantial harm to a number of victims and because, in its view, he was unlikely to refrain from illegal activity in the future.
 
 
 14
 However, although it did not err in departing upward on the basis of Wyatt's criminal history, in announcing its decision to depart upward, the district court failed to explain the extent of the departure adequately. It merely imposed consecutive sentences for the two counts to which Wyatt pleaded guilty, thereby doubling his sentence. When the district court decides to depart upward on the basis of criminal history, in calculating the extent of departure, it must "follow some reasonable, articulated methodology consistent with the purposes and structure of the guidelines." United States v. Streit, No. 90-10509, slip op. 4413, 4437 (9th Cir. April 23, 1992). While we have not required sentencing courts to follow any "particular mechanical formula," we do require "that sentencing departures be guided, so far as possible, by articulated analogies to other provisions of the guidelines." Id. at 4436; see also Lira-Barraza, 941 F.2d at 751 ("to facilitate appellate review the district court's statement should include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines"). In this case, the district court gave no explanation whatsoever for the thirty-seven month departure it imposed. We must therefore vacate Wyatt's sentence and remand to the district court for resentencing.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3