113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Murray BELKNAP, Defendant-Appellant.
 No. 95-30383.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 7, 1997.
 
 1
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Craig Murray Belknap appeals his conviction and sentence imposed for unlawful possession of firearms and for making false statements in the acquisition of firearms. He raises a host of arguments, including (1) search and seizure; (2) double jeopardy; (3) trial in absentia; (4) collateral attack on prior commitment orders; (5) selective prosecution; (6) ineffective assistance of counsel; and (7) upward departure from the guidelines. We have carefully considered his arguments and conclude that there is no reversible error. Accordingly, we affirm.
 
 1. Unlawful Searches and Seizures
 
 4
 We agree with the district court that probable cause existed to arrest Belknap for criminal trespass. There were sufficient trustworthy facts given to the arresting officers to permit them to believe that Belknap had committed the crime. United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). Accordingly, the officers had a right to conduct a search incident to that arrest. United States v. Shephard, 21 F.3d 933, 937 n. 10 (9th Cir.1994). Because the search incident to arrest was lawful, we also reject Belknap's contention that the warrant to search Belknap's storage unit was tainted. See United States v. Ewain, 88 F.3d 689, 695 (9th Cir.), cert. denied, 117 S.Ct. 382 (1996).
 
 2. Double Jeopardy
 
 5
 Federal prosecution is not barred by Belknap's prior state conviction. "Under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause." United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992) (per curiam). We reject Belknap's invitation to invoke the Bartkus v. Illinois, 359 U.S. 121 (1959), exception to separate sovereign prosecutions. We have recognized this narrow exception, noting that "[i]f the second prosecution, otherwise permissible under the dual sovereignty rule, is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge." United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990). The exception does not apply here. Because the federal charges are different than the state offenses, the federal prosecution is clearly seeking to vindicate separate interests than did the state. Moreover, Belknap must show that the federal prosecution is a "tool" or "sham" done at the behest of the state. He has argued nothing more than permissible cooperation between federal and state authorities. See United States v. Figueroa-Soto, 938 F.2d 1015, 1020 (9th Cir.1991) ("No constitutional barrier exists to ... cooperative effort" between state and federal prosecutors.).
 
 3. Trial In Absentia
 
 6
 Fed.R.Crim.P. 43(b)(1) specifically allows a trial to continue when a defendant is voluntarily absent. Thus, Belknap's decision to leave his trial "operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." United States v. Houtchens, 926 F.2d 824, 826 (9th Cir.1991). There is no issue whether Belknap's waiver was knowing and intelligent; the court properly advised him of his right to be present, confront and cross-examine witnesses, have assistance of counsel, and testify.
 
 
 7
 4. Collateral Attack on Prior Commitment Orders
 
 
 8
 Belknap was properly denied the opportunity to attack collaterally his prior mental commitments that prevent him from lawfully acquiring and possessing firearms. Such collateral attacks are foreclosed by Lewis v. United States, 445 U.S. 55, 65 (1980), holding that a defendant cannot collaterally challenge an underlying conviction as a defense to a firearms charge predicated on that conviction. A defendant must "clear his status before obtaining a firearm." Lewis, 455 U.S. at 64 (emphasis in original).
 
 5. Selective Prosecution
 
 9
 Belknap's motion, filed on the first day of his trial, to dismiss the indictment on selective prosecution grounds was properly denied as untimely. Failure to file a motion based on selective prosecution prior to trial constitutes a waiver unless cause is shown. See United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992); United States v. Aguilar, 883 F.2d 662, 705 n. 44 (9th Cir.1989).
 
 6. Ineffective Assistance of Counsel
 
 10
 Belknap claims ineffective assistance based on the trial court's refusal to compel prison officers to copy unspecified legal papers during a time when Belknap was representing himself. We construe his claim, however, not as ineffective representation, but as an alleged denial of his right to self-representation. A defendant who chooses to represent himself must have a meaningful opportunity to prepare a defense, including access to law books, witnesses, and other tools of the trade. Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir.1985). Belknap has not shown, however, how denial of his request to photocopy materials had any bearing on his ability to prepare his defense.
 
 7. Sentencing
 
 11
 The district court did not err in concluding that Belknap's criminal history was understated. Between 1982 and 1989, Belknap was held on three separate court-ordered involuntary hospital commitments. The acts underlying these civil commitments were criminal in nature. Departure may be based on criminal activity that did not result in criminal conviction. United States v. Gayou, 901 F.2d 746, 748 (9th Cir.1990). The district court was therefore entitled to adjust the criminal history category based on its conclusion that Belknap's criminal history "does not adequately reflect the seriousness of ... past criminal conduct." See U.S.S.G. § 4A1.3. We reject Belknap's contention that such an adjustment is barred by double jeopardy. United States v. Wright, 891 F.2d 209, 212 (9th Cir.1989).
 
 
 12
 The court also properly elevated Belknap's offense level. The guidelines permit upward departures for crimes that "posed a substantial risk of death or bodily injury" to others. U.S.S.G. § 2K2.1, comment (n. 16). An upward departure is also permitted when the firearms at issue are "military type assault rifles." Id. Finally, we have held that U.S.S.G. § 5K2.0 permits an upward departure when a defendant poses "an extraordinary danger to the community because of his serious emotional and psychiatric disorders." United States v. Hines, 26 F.3d 1469, 1477 (9th Cir.1994) (emphasis in original). The record here supports the district court's findings that departure was appropriate.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3