UNITED STATES of America,
Plaintiff—Appellee,

v.

Steven Bernard BROOKS, Defendant—
Appellant.

No. 01–10282.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided May 15, 2003.

Before: GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Steven Bernard Brooks (Brooks) appeals from his convictions and sentence for distributing crystal methamphetamine and conspiring to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdic-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ Brooks challenges the district court's decision to allow the government to ask witness Tracy Spencer whether he previously had told government agents that he knew Wong got his "ice" from Brooks. While Brooks concedes that Spencer's statements were admissible in order to impeach Spencer's credibility, *see United States v. Bao*, 189 F.3d 860, 865–66 (9th Cir.1999), he argues the district court committed plain error by failing *sua sponte* to give a limiting instruction. However, in light of the other evidence presented at trial, Brooks fails to meet his burden of showing that any such error "affect[ed] [his] substantial rights." *United States v. Armijo*, 5 F.3d 1229, 1232 (9th Cir.1993). Here, as in *Armijo*, there was more than sufficient evidence, aside from Spencer's prior written statements, from which the jury could conclude that Brooks was Wong's supplier, including the recorded phone conversations between Wong and Brooks in which Brooks himself intimated to details of past and future drug sales to Wong. The government did not question Spencer for an inordinate amount of time regarding his prior statements or rely on the prior statements later in trial as substantive evidence of the crimes charged, and unlike *United States v. Gomez–Gallardo*, 915 F.2d 553 (9th Cir.1990), the government did not call Spencer for the primary purpose of impeaching him with otherwise inadmissible prior statements.

We also reject Brooks's claim that the district court erred by excluding *Henthorn* materials.[1] The district court acted within its discretion given the marginal relevance of the accusations contained in the agents' files, Brooks's ample opportunity to cross-examine both agents concerning their credibility, and the fact that exclusion of the evidence did not leave the jury with insufficient evidence to gauge the credibility of either witness. *See United States v. James*, 139 F.3d 709, 713–14 (9th Cir. 1998).

Brooks's claim that the district court erroneously precluded testimony from witness Curtis Worsham is unsupported by the record. Although the court initially excluded a portion of Worsham's testimony on hearsay grounds, it later ruled that Brooks could recall Worsham as a witness, an opportunity Brooks did not pursue.

■ Brooks also argues that the district court erred in excluding testimony from Silva Brooks that Wong allegedly threatened her, her husband, and her children. She was permitted to testify that Wong was upset; however, the *reasons* for Wong's anger are inadmissible and Silva Brooks was properly precluded from testifying about them. *See United States v. Fontenot*, 14 F.3d 1364, 1371 (9th Cir. 1994). Nor did the court abuse its discretion in ruling that Silva Brooks's state of mind was irrelevant, as no link was established between the threat to which she would have testified and Steven Brooks's actions. Moreover, even assuming error, viewed in context of the entire trial Brooks cannot show that it "more probably than not tainted the verdict," *id.*, or that exclusion of the evidence violated his due process rights because it was "crucial" to his defense of entrapment. *United States v. Lopez–Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992). Brooks presented his theory of entrapment through vigorous cross-examination of Wong, Gravely, and Agent Lawson, and through testimony from Chong, Satele, and Worsham.

■ The district court did not err in denying a new trial based on admission of

1. *United States v. Henthorn,* 931 F.2d 29 (9th Cir.1991).

Brooks's financial records, as such evidence was relevant to the conspiracy charge to show unexplained wealth and to the entrapment defense to show that he had money to pay his debt to Wong. *See United States v. Miguel,* 952 F.2d 285, 289 (9th Cir.1991); *United States v. Bernal,* 719 F.2d 1475, 1478 (9th Cir.1983).

■■■ Brooks next argues that the district court erred in denying his motion to suppress post-arrest statements on the ground of pre-arraignment delay. We review for clear error a district court's finding that a pre-arraignment delay was reasonable. *See United States v. Mendoza,* 157 F.3d 730, 732 (9th Cir.1998). We have held that 18 U.S.C. § 3501(c) creates a six-hour "safe harbor" during which a confession will not be excluded solely because of delay. *Id.* at 731; *United States v. Van Poyck,* 77 F.3d 285, 288 (9th Cir.1996). A delay of less than six hours occurred between Brooks's arrest and his September 1 statements bearing on Count 1. Accordingly, these statements are clearly admissible. *See Van Poyck,* 77 F.3d at 288. While Brooks's confession going to the historical conspiracy count was not within the safe harbor, the district court did not clearly err in finding that the delay was not unreasonable, given Brooks's waiver of both his *Miranda* rights and the right under Fed.R.Crim.P. 5(a) to be brought before a magistrate judge without unnecessary delay. *See, e.g., United States v. Binder,* 769 F.2d 595, 598–99 (9th Cir.1985) ("The waiver of legal rights following *Miranda* warnings also constitutes a waiver of those rights under Federal Rule of Criminal Procedure 5.") (citing *United States v. Indian Boy X,* 565 F.2d 585, 591 (9th Cir. 1977)).

■■■ Brooks also claims his trial counsel rendered ineffective assistance of counsel by submitting a jury instruction regarding agency, an issue not in dispute. To suc-

ceed, Brooks must demonstrate that his counsel's actions were " 'outside the wide range of professionally competent assistance,' " and that " 'the deficient performance prejudiced the defense.' " *United States v. Baldwin,* 987 F.2d 1432, 1437 (9th Cir.1993) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Here, there was no suggestion that Wong or Gravely were not government agents and both parties argued otherwise in closing. Thus, there is no "reasonable probability" that, had the jury not received the instruction, Brooks would have been acquitted. *See United States v. Span,* 75 F.3d 1383, 1390 (9th Cir.1996).

Brooks's argument that the district court erred in declining his proffered conspiracy instruction is likewise without merit. Brooks's proposed instruction misstated what the jury had to find in order to convict him. Moreover, during the government's rebuttal argument the court instructed the jury that for a conspiracy to distribute to exist there must be something more than a simple sale of drugs by Brooks to Wong. *Cf. United States v. Lennick,* 18 F.3d 814, 820 (9th Cir.1994) (evidence insufficient to support conspiracy conviction where defendant made and occasionally sold personal use quantities and there was no evidence of an agreement with the buyers or anyone else).

■■■ Given evidence of Brooks's proactive and unhesitating involvement in the criminal scheme, the district court did not clearly err in denying Brooks's motion to dismiss the indictment based on outrageous government conduct. *See United States v. Bonanno,* 852 F.2d 434, 437 (9th Cir.1988) ("Unacceptable governmental conduct occurs when the government agents act brutally by using physical or psychological coercion against the defen-

dant, or the agents engineer and direct the criminal enterprise from start to finish.").

The district court similarly did not err in denying Brooks's motion for judgment of acquittal and/or new trial on the ground that he was entrapped as a matter of law. There are two elements to the defense of entrapment: (1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. *United States v. Tucker*, 133 F.3d 1208, 1217 (9th Cir.1998). To succeed in showing entrapment as a matter of law, Brooks had to show that, viewing the evidence in the light most favorable to the government, no reasonable jury could have found in favor of the government as to inducement or lack of predisposition. *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir.2000). In light of Wong's and Gravely's unequivocal denial of ever having used Brooks's debt as leverage to induce him to sell the drugs, as well as the evidence that Brooks had sufficient money to pay off the debt without resorting to selling drugs to Wong, Brooks fails to point to *"undisputed* evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by government agents." *United States v. Skarie*, 971 F.2d 317, 320 (9th Cir.1992) (emphasis added and internal quotation marks omitted). Brooks's claim of entrapment also fails because, viewing the evidence in the light most favorable to the government, a reasonable juror could find predisposition beyond a reasonable doubt.

Brooks argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C. § 841 unconstitutional. This argument is foreclosed by *United States v. Buckland*, 289 F.3d 558, 564–68 (9th Cir.2002) (en banc). Brooks also contends that because the jury never made a finding as to drug quantity and quality, we must vacate his

sentence pursuant to *Apprendi* and remand for resentencing. We have made clear that where a defendant's actual sentence falls below the statutory maximum for the offense of conviction, any *Apprendi* error is harmless. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000). Here, due to Brooks's prior felony drug conviction, he was sentenced to 262 months, more than eight years less than the 30–year maximum to which he was subject under 21 U.S.C. § 841(b)(1)(C). Finally, failing to submit the prior conviction to the jury was not erroneous. *See Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000) (noting that the Court in *Apprendi* "unmistakably carved out an exception for 'prior convictions' ").

Finally, Brooks argues that his conviction must be reversed because the district court failed *sua sponte* to dismiss a juror who, during *voir dire*, revealed that her husband had tested positive for crystal methamphetamine and had subsequently undergone rehabilitation. We review " 'for manifest error a court's findings regarding juror impartiality.' " *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir.2000) (quoting *United States v. Hanley*, 190 F.3d 1017, 1030 (9th Cir.1999)). There was no such error, as the juror did not manifest actual bias and the relationship between her husband's use and the distribution at issue in this case was too attenuated to support a finding of implied bias.

AFFIRMED.