**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30089 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05810-RBL-4 |
| v. | |
| DANNY LEE SHERWOOD, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 7, 2013**
Seattle, Washington

Before: ALARCÓN, GILMAN***, and IKUTA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Danny Lee Sherwood ("Sherwood") appeals from the district court's judgment affirming his conviction for conspiracy to distribute oxycodone and methadone, distribution of oxycodone, possession with intent to distribute oxycodone, being a felon in possession of a firearm, and being a felon in possession of ammunition.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ronald D. Ness, Sherwood's appointed counsel at trial and in this appeal, has filed a motion to withdraw as counsel of record. He asserts that there is no merit to Sherwood's appeal. In his motion, Mr. Ness identified four possible issues that arguably might support Sherwood's appeal, as required by *Anders*. *Id.* at 744. Mr. Ness asserts that each issue lacks merit. We agree.

I

When an attorney files an *Anders* brief, an appellate court is required to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* This Court has examined the reporter's transcript of the trial, the district court's evidentiary rulings, its instructions to the jury, and the sentencing transcript. We have determined that none of the following legal points set forth by Mr. Ness are "arguable on their merits." *Id.* Further, our independent

review of the record, pursuant to *Penson v. Ohio*, 488 U.S. 75, 83 (1988), discloses no other grounds for relief.

The prosecution submitted the personnel file of a potential witness, law enforcement officer Estevan Sanchez, for an in camera inspection, as required by *United States v. Henthorn*, 931 F.3d 29, 30–31 (9th Cir. 1990). After inspecting the personnel file, the district court ordered that the prosecution produce the file to defense counsel. The court also issued a protective order limiting the disclosure of the material contained in the file. The record demonstrates that the prosecution and the district court faithfully complied with this Court's decision in *Henthorn*.

At trial, defense counsel challenged the admissibility of the proposed testimony of Officer Sanchez and related demonstrative Microsoft Power Point slides on the ground that they were not relevant. The prosecution informed the court that the purpose of Officer Sanchez's testimony and the presentation of the Power Point slides "is that you cannot sell these drugs outside of the closed system, and we have a closed system because these drugs are highly subjected to abuse." The district court overruled defense counsel's objection to Officer Sanchez's testimony and related Power Point slides. Officer Sanchez was not called as a witness nor is there any indication that the Power Point evidence was presented to

3

the jury by any witness. Accordingly, the district court's ruling on the proposed testimony of Officer Sanchez did not result in any error.

The district court denied Sherwood's request to instruct the jury on the definition of the term "in furtherance of a crime" as set forth in Requested Instruction No. 3. The jury acquitted Sherwood of Count 32, which charged him with possession of two firearms in furtherance of a drug trafficking crime. Therefore, whether the district court erred in rejecting Sherwood's proposed instruction is moot.

The record shows that the district court denied Sherwood's motion to dismiss Counts 33 and 34 of the indictment, which charged him with possession of a firearm and ammunition that had traveled through interstate commerce. In support of this motion, defense counsel argued that the prosecution had failed to present evidence that Sherwood was involved in shipping or transporting a firearm or ammunition through interstate commerce. In *Barrett v. United States*, 423 U.S. 212 (1976), the Supreme Court held that 18 U.S.C. § 922(h) does not require the prosecution to prove that the defendant transported a firearm in interstate commerce. *Id.* at 225. A person is guilty of that crime if he receives a firearm that previously was shipped or transported in interstate commerce by anyone. *Id.* at

216–17. Therefore, the district court did not err in rejecting Sherwood's motion to dismiss Counts 33 and 34.

## II

Sherwood's theory of defense at trial was that the evidence was insufficient to persuade a rational trier of fact that he was guilty beyond a reasonable doubt of conspiracy to distribute oxycodone and methadone. The evidence adduced at trial included three controlled buys from Sherwood by government agents for oxycodone pills. Agents also recovered a large amount of cash, a firearm, and ammunition from Sherwood's residence. None of this evidence was challenged on appeal. When viewed in the light most favorable to the prosecution, this evidence is sufficient to demonstrate that a rational trier of fact could have found Sherwood guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original)).

## Conclusion

Based on our independent review of the record, we find "no nonfrivolous issue for appeal." *Penson*, 488 U.S. at 80. In an order filed on May 22, 2013, we

instructed Sherwood that he could file a pro se supplemental brief in support of his appeal by July 1, 2013. He has failed to do so.

Mr. Ness's motion to withdraw is **GRANTED**.

The district court's judgment of conviction is **AFFIRMED**.