**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Gene HENTHORN, Defendant–Appellant.**

No. 88–5299.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 2, 1990 *.

Decided April 18, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donald G. Henthorn, pro se.

Roger W. Haines, Jr., Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before PREGERSON, REINHARDT and HALL, Circuit Judges.

REINHARDT, Circuit Judge:

I.

Donald Gene Henthorn appeals his conviction following a jury trial for conspiring with 17 other individuals to import and possess cocaine with the intent to distribute, and for travel in interstate and foreign commerce in aid of racketeering enterprises. Henthorn claims, *inter alia,* that the district court erred in denying his discovery request for impeachment material contained in the testifying officers' personnel files.[1] We agree and remand to allow the

district court to review the officers' personnel files *in camera.*

II.

In December of 1986, a federal grand jury indicted appellant, Donald Gene Henthorn, and seventeen others for conspiracy to import cocaine (21 U.S.C. §§ 952, 960, 963) (count 1); conspiracy to possess cocaine with intent to distribute (21 U.S.C. §§ 841(a)(1), 846) (count 2); conspiracy to transport monetary instruments of more than $10,000 to or from the United States (count 3) [Henthorn was not charged in this count]; and travel in interstate and foreign commerce in aid of racketeering enterprises (18 U.S.C. 1952(a)(3)) (count 4). Following his conviction by jury on all counts in which he was charged, Henthorn was sentenced to 10 years imprisonment and five years probation.

Prior to trial, Henthorn's counsel moved the district court to order the prosecution "to produce the personnel files of all law enforcement witnesses whom it intends to call at the trial ... for evidence of perjurious conduct or other like dishonesty, in camera, to determine if those portions of the officers' personnel files ought to be made available to defense counsel for impeachment purposes." The government, in opposition to the motion, stated that it had no obligation to examine the personnel files absent a showing by the defendant that they contained information material to his defense. The district court denied Henthorn's discovery motion on the ground that defendant failed to make a showing of materiality, concluding that the defendant has the obligation of identifying a specific wrongdoing before receiving an in camera inspection of the files.

In *United States v. Cadet,* 727 F.2d 1453 (9th Cir.1984), we set forth the procedure the prosecution must follow when confronted with a request by a defendant for the personnel files of testifying officers. We stated that the government must "disclose information favorable to the defense

---

1. Appellant raises a number of other issues which we resolve in a separate memorandum disposition filed concurrently herewith. Our disposition of the issues in the memorandum does not affect the relief we order here.

that meets the appropriate standard of materiality.... If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation...." *Id.* at 1467–68. As we noted in *Cadet*, the government has a duty to examine personnel files upon a defendant's request for their production. *See id.* at 1467. Absent such an examination, it cannot ordinarily determine whether it is obligated to turn over the files.

█ The government is incorrect in its assertion that it is the defendant's burden to make an initial showing of materiality. The obligation to examine the files arises by virtue of the making of a demand for their production. However, following that examination, the files need not be furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case. Here, the record shows that the government failed to examine the files of Customs Agent Ronald Ingleby and DEA Special Agent Michael Harper.[2] This constituted error.

█ To determine the consequences of the government's error, we follow the approach set forth in *Cadet.* There, because the government failed to inspect the files we directed that the district court do so. Accordingly, we remand to allow the district court to conduct an in camera examination of the files of Agents Ingleby and Harper. *See Cadet,* 727 F.2d at 1470. The district court shall determine whether information in the files should have been disclosed and, if so, whether appellant is entitled to a new trial, or whether, "nondisclosure was harmless beyond a reasonable doubt." *Pennsylvania v. Ritchie,* 480 U.S. 39, 58, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).

REMANDED for further proceedings in conformance with this opinion.

---

2. Henthorn also requested that the government examine the files of LAPD Detective Gary Bitterolf. We need not reach the issue whether the prosecution had an obligation to examine his files, as the record shows that Bitterolf did not testify at trial.