990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Gene HENTHORN, Defendant-Appellant.
 No. 92-50607.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Henthorn appeals pro se the district court's summary dismissal of his motion to vacate and set aside his conviction. We construe the motion as one pursuant to 28 U.S.C. § 2255.[1] We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Henthorn appealed his conviction following a jury trial for conspiring to import and possess cocaine with the intent to distribute, and for travel in interstate and foreign commerce in aid of racketeering. Following a remand, this court affirmed Henthorn's conviction. See United States v. Henthorn, No. 88-5299 unpublished memorandum disposition (9th Cir. Oct. 2, 1990); United States v. Henthorn, 931 F.2d 29 (9th Cir.1991); United States v. Henthorn, No. 91-50842, unpublished memorandum disposition (9th Cir. Dec. 29, 1992).
 
 
 4
 Henthorn filed a letter and some documents directly with this court which appeared to allege that the tape recording of the pre-trial hearing in his criminal case held on February 18, 1988, was illegally spliced and altered. Henthorn argued that these allegedly altered tapes contained evidence that the Texas and California conspiracies for which he was convicted were one and the same. He asked a panel of this court to set aside his conviction on the these allegations. This court ordered the documents filed in the district court and remanded for whatever action the district court deemed appropriate. The district court summarily dismissed with prejudice without any discussion of Henthorn's claim.
 
 
 5
 The district court may dismiss a section 2255 motion summarily "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Dismissal is proper if the "allegations viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 6
 One of Henthorn's main contentions in his two prior appeals to this court was that his conviction for the California and Texas conspiracies amounted to double jeopardy because the conspiracies were one and the same. Henthorn's double jeopardy claim was raised on appeal, and the argument was found to be without merit. See Kaufman v. United States, 394 U.S. 217, 223-28 & n. 8 (1969) (where a prisoner raises a claim in a collateral attack that was previously raised on direct appeal, the federal court in many cases has the discretion to deny the claim without an evidentiary hearing and without determining the merits of the claim). Moreover, the documents which Henthorn has submitted to this court do not prove that the tape recording of the hearing was altered, nor does Henthorn explain exactly how the these tapes, if altered, affected the court's ruling below. Accordingly, we affirm the district court's order of dismissal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may construe Henthorn's motion to vacate and set aside his conviction as one made pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255 (section 2255 motion is the appropriate vehicle for a federal prisoner's collateral attack on his sentence)