39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando ESCOBAR; Merced Brito, Defendants-Appellants.
 Nos. 93-10690, 94-10027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Oct. 31, 1994.
 
 Before: SKOPIL, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fernando Escobar and Merced Brito appeal their convictions for violating 18 U.S.C. Secs. 922(g)(1) & (5). They contend that the district court erred by not compelling the government to search the personnel file of a non-law enforcement federal employee witness for potential impeachment evidence, and by not granting a mistrial when it discovered that the alternative juror participated in jury deliberations. We reject these contentions, and we affirm.
 
 DISCUSSION
 1. Personnel Files
 
 3
 In this circuit, the government must examine the personnel files of testifying law enforcement officers upon a defendant's request to determine whether material in the file could cast doubt on the credibility of the witness and thus should be made available to the defendant. United States v. Jennings, 960 F.2d 1488, 1490 (9th Cir.1992); United States v. Henthorn, 931 F.2d 29, 31 (9th Cir.1991). Defendants seek to extend this rule to cover witnesses who are employed by the federal government, but are not law enforcement officers.
 
 
 4
 We do not decide whether the rule should be extended, because our review of the record in this case indicates that the witness' credibility would not have changed the outcome of this case. Clearly, her testimony could not have affected Brito, because nothing in her testimony linked Brito to the crime. As for Escobar, her testimony was substantially discredited without any evidence from her personnel files. After effective cross-examination, the jury was left with little more than the fact that sharp fragments of glass were found both in Escobar's shoes and on the sidewalk and floor of the store. It is hard to imagine how impeachment evidence could have eroded the testimony any further. The witness was not one whole reliability "may well [have been] determinative of guilt or innocence." Giglio v. United States, 405 U.S. 150, 154 (1972) (internal quotation omitted).
 
 2. Alternate Juror
 
 5
 The district court's failure to discharge the alternate juror prior to jury deliberations violated Federal Rule of Criminal Procedure 24(c), but is only reversible error if its impact was prejudicial to the defendant. United States v. Olano, 113 S.Ct. 1770, 1779-80 (1993). In such situations, the district court must "determine the circumstances, the impact thereof upon the juror[s], and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." Id. at 1780 (internal quotation omitted)
 
 
 6
 This is precisely the procedure followed by the district court in this case. The court interviewed the jurors and alternate in the presence of defense counsel, and found that the few comments that the alternate apparently made did not in any way affect the verdict. A review of the transcripts of these interviews leads us to conclude that this finding is not erroneous. The district court thus did not abuse its discretion in denying the motion for mistrial.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3