**UNITED STATES of America, Plaintiff,**

v.

**Noe COLIMA–MONGE, Defendant.**

**No. 96–305–FR.**

United States District Court,
D. Oregon.

April 18, 1997.

Kristine Olson, United States Attorney, Kathleen L. Bickers, Special Assistant United States Attorney, Portland, OR, for Plaintiff.

Steven T. Wax, Federal Public Defender, Nancy Bergeson, Arron Guevara, Assistant Federal Public Defenders, Portland, OR, for Defendant.

## OPINION

FRYE, District Judge.

Before the court is the defendant's motion to compel pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991) (# 52–1) and motion to reconsider discovery request (# 52–2).

## BACKGROUND

The defendant, Noe Colima–Monge, was indicted for the crimes of the possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting an offense in violation of 18 U.S.C. § 2. The court held a suppression hearing, at which an informant, Cesar Castillo, testified about his background, his work as an informant in other jurisdictions, his previous criminal activity, and his financial affairs.

On September 4, 1991, in an unrelated action, *United States v. Avance*, CR No. 90–303–FR, this court quashed a search warrant after it determined that several statements which were made by Special Agent Noel Dano with the Drug Enforcement Administration (DEA) in an affidavit filed in support of the search warrant were made with reck-

less disregard for the truth. When the court analyzed the remaining statements in the affidavit, along with material facts which had been omitted in reckless disregard for the truth, it concluded that the affidavit did not support a finding of probable cause to issue the warrant. Detective Herbert Royster, who worked with Special Agent Dano on the *Avance* investigation, was involved in the arrest of Colima–Monge.

Before the suppression hearing, Colima–Monge filed a motion to discover information about the informant (# 13) in which he asked the court to order the government to produce twenty-five different types of information which he contended are relevant to the bias or credibility of the informant, Castillo. The court directed the Special Assistant United States Attorney (AUSA) to ask Detective Royster's supervisor whether there was any such material in Detective Royster's personnel file. Later that day, the AUSA reported that the supervisor had replied that there was none. Based on the AUSA's representation that she had produced all of the information in her possession or that she was required to obtain, the court denied the motion on January 29, 1997.

In this motion, Colima–Monge asks the court to order the government to produce the personnel files of Detective Royster and Special Agent Dano for an *in camera* inspection to allow the court to determine if the files contain any information which relates to the credibility of Detective Royster. Colima–Monge also asks the court to reconsider its denial of his motion to discover information about the informant. Colima–Monge has reduced his request from the original twenty-five types of information that he had sought to information from the Regional Crime and Narcotics Agency (ROCN), and any other agencies in the State of Oregon for which Castillo has worked, including (1) Castillo's informant file for documents which relate to the history of his cooperation with that agency; (2) cooperation agreements; (3) payment vouchers or evidence of other benefits received by Castillo; (4) recommendations given by the officers in the agency on behalf of Castillo, whether for leniency in a criminal case or for consideration in an application for

housing, government benefits, loans, rewards, etc.; and (5) tax returns of Castillo for the last ten years.

## ANALYSIS AND RULING

The prosecutor has a duty to disclose all evidence favorable to the defendant which is material either to guilt or to punishment. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). The evidence is material only if there is a reasonable probability, namely, a probability sufficient to undermine confidence in the outcome, that the result would have been different if the government had disclosed the evidence. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383–84, 87 L.Ed.2d 481 (1985).

### 1. *The Personnel Files*

Colima–Monge contends that because of the serious nature of the misconduct in *Avance,* which caused this court to quash a search warrant, it is logical that the personnel files of Detective Royster and Special Agent Dano will contain information about the investigation of that misconduct, and that this information pertains to Detective Royster's credibility as a witness.

The government contends that Detective Royster's supervisor has examined his personnel file for information pertaining to his credibility and that an *in camera* inspection is not necessary. The government represents that the request of Colima–Monge for the personnel file of Special Agent Dano is newly raised in this motion. The government has asked General Counsel for the DEA to review the personnel file of Special Agent Dano for information relating to Detective Royster's work with Special Agent Dano on the *Avance* investigation that could be used to impeach Detective Royster. The DEA hoped to complete this review by April 15, 1997.

The government has a duty, after a request by the defense, to inspect for *Brady* material the personnel records of federal law enforcement officers who will testify at trial, regardless of whether the defense has made a showing of materiality. *United States v. Henthorn,* 931 F.2d 29, 31 (9th Cir.1991). The court does not have the authority to require the prosecutor to personally review

the files, however. *United States v. Jennings,* 960 F.2d 1488, 1491 (9th Cir.1992). *Henthorn* requirements are met when the staff of the appropriate agency examines the file and notifies the federal prosecutor of potential *Brady* material, after which the federal prosecutor determines whether the material should be produced to the defense or provided to the court for an *in camera* review. *Id.* at 1492. The prosecution has no obligation to turn over materials not under its control, including personnel files of state law enforcement witnesses. *United States v. Dominguez–Villa,* 954 F.2d 562, 566 (9th Cir. 1992).

■ The government's request that the General Counsel of the DEA inspect Special Agent Dano's personnel file for *Brady* material concerning Detective Royster's conduct in the *Avance* investigation complies with the requirements of *Henthorn* as explained in *Jennings.* The prosecution has more than complied with the requirements of *Henthorn* by agreeing to review Detective Royster's personnel file because Detective Royster is a state law enforcement officer whose personnel file is not in the control of the federal government. There is no evidence before the court that the reviews undertaken of the personnel files of Detective Royster and Special Agent Dano have not been conducted properly and in good faith. Consequently, there is no basis to presume that this court should exercise its supervisory power to deter illegal conduct. *See Jennings,* 960 F.2d at 1492. The court has no reason to doubt the word of either of the reviewing agencies or the AUSA and to order an in camera review of the two personnel files. Accordingly, Colima–Monge's motion to compel pursuant to *Henthorn* is denied. The government shall supply the defense with the results of the review of Special Agent Dano's personnel file undertaken by the DEA once the review is completed.

## 2. *Information About the Informant*

Colima–Monge contends that his request for discovery about the informant, Castillo, is supported by case law. He further contends that the fact that the information, if it exists, is spread across the State of Oregon, thus making its retrieval inconvenient, does not negate the government's obligation to produce it.

The government notes that Colima–Monge used the hearing on his motion to suppress as an opportunity to take the deposition of Castillo. The government contends that Colima–Monge may investigate Castillo based on the information that Colima–Monge learned during Castillo's testimony. The government contends that none of the cases cited by Colima–Monge require the government to explore Castillo's background more broadly than it has already done.

■ Under Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, the government must produce, upon request, documents and other tangible objects which are "within the possession, custody or control of the government" and are material to the preparation of the defense. In *United States v. Bryan,* 868 F.2d 1032 (9th Cir.), *cert. denied,* 493 U.S. 858, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989), the court explained:

> [T]he scope of the government's obligation under Rule 16(a)(1)(C) should turn on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant in each case. The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant.

*Id.* at 1036 (citation omitted). Federal prosecutors are not deemed to have access to material held by state agencies. *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995).

Colima-Monge cites cases in which courts have ordered production of the types of information he is seeking. The cases are distinguishable, however, because none of them require a federal prosecutor to produce documents which are in the custody of state agencies which did not participate in the investigation of the defendant. *See United*

*States v. Shaffer*, 789 F.2d 682 (9th Cir.1986) (extent of cooperation and expenses paid by the government for an informant's involvement in a supplemental drug investigation of the defendant's co-conspirator conducted by the same agency should have been disclosed because it could have discredited the informant).

Colima–Monge requests the following documents from ROCN and all of the other agencies within the State of Oregon for which Castillo has worked as an informant: (1) documents from Castillo's informant file which pertain to Castillo's history of cooperation; (2) cooperation agreements; (3) payment vouchers or evidence of other benefits received by Castillo; and (4) recommendations made on behalf of Castillo, whether for ieniency in a criminal case or for consideration in an application for housing, government benefits, loans, rewards, etc. Colima–Monge also requests the tax returns of Castillo for the last ten years.

The government does not contend that the requested documents are not material to the preparation of Colima–Monge's defense so the court will not analyze that issue.

■ As was evident from the testimony at the suppression hearing, ROCN is an interjurisdictional agency consisting of law enforcement personnel from the City of Portland, from the County of Multnomah, from the State of Oregon, and from federal law enforcement agencies. Although ROCN is not a federal agency, ROCN personnel, including DEA agent Keith Weis, arrested Colima–Monge. The court concludes that the prosecutor has knowledge of and access to document nos. 1–4, which are in the possession of ROCN. Accordingly, the court orders the government to produce document nos. 1–4, to the extent that they are in the possession of ROCN and have not been produced to Colima–Monge.[1]

■ There is no evidence before the court that the United States Attorney has knowl-

edge of or access to document nos. 1–4, which are in the possession of agencies of the State of Oregon other than ROCN, and for which Colima–Monge worked as an informant. Thus, the court denies Colima–Monge's motion that the court order the prosecution to obtain and produce these documents.

■ Castillo testified at the suppression hearing that he had never filed a tax return. Tr. 44. Assuming that Castillo is telling a lie, there is no evidence, or even an argument made, that the prosecutor has knowledge of and access to Castillo's tax returns. The court denies Colima–Monge's motion that the court order the prosecution to obtain and produce Castillo's tax returns.

### CONCLUSION

Colima–Monge's motion to compel pursuant to *United States v. Henthorn* (# 52–1) is denied. Colima–Monge's motion to reconsider discovery request (# 52–2) is denied in part and granted in part as set forth above.

---

**1.** Since the AUSA has turned over all documents which she believes she is required to produce, it is possible that the government has already complied with this order.