**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donn Jamil CORBIN, Defendant—Appellant.**

**No. 02–10319.**

**D.C. No. CR–01–00123–MJJ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2003.

Decided June 27, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

### MEMORANDUM *

Donn Corbin appeals his conviction on one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), for which he was sentenced to 24 months in prison. Corbin entered a conditional guilty plea that reserved his right to appeal certain issues. He asserts first that the district court abused its discretion in refusing to disclose to him the personnel records of federal law enforcement witnesses, as required by *U.S. v. Henthorn,* 931 F.2d 29, 30 (9th Cir.1991), that he asserts would likely show the arresting officer's dishonesty and racial bias. Second, he asserts that the district court impermissibly restricted his Sixth Amendment right to present a defense and confront witnesses by (a) barring extrinsic evidence of the arresting officer's bias and (b) limiting cross-examination of the officer on that topic. We find that the district court did not abuse its discretion on either of these grounds. Corbin's third claim, that the district court improperly denied his right to be invited to allocute prior to imposing sentence, is waived in that he agreed not to appeal his sentence unless the court departed from the applicable Guidelines range.

### 1.

■ Corbin asserts that the district court disclosed only two of what he maintains were over thirty sealed reports of complaints against the arresting officer. He identifies a list of additional documents, marked as sealed in the district court's docket sheet, as the ones he seeks to be disclosed to him so that he can build his case against the arresting officer if granted a further appeal. We have reviewed these sealed documents and found that only one of them contained allegations against the arresting officer, and it was released to Corbin.

### 2.

■ The district court held a preliminary evidentiary hearing to determine what would be admissible at trial. We do not find that it abused its discretion by excluding extrinsic evidence of the arresting officer's bias. Another black male, whose complaint was among those discov-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ered, was prepared to testify about the circumstances of his own arrest by the same arresting officer, and to offer his subjective opinion based upon that arrest the arresting officer was racially biased. But as his proffer contained no basis for such testimony other than his subjective impression, it was not admissible as relevant to the officer's bias.

Absent any proffered evidence aside from the prospective witness's averred opinion, the trial judge was within his discretion to decide that allowing cross-examination of the arresting officer based on the allegations of the prospective witness would lead to a wasteful "mini-trial" over the previous arrest, and could be barred as irrelevant on those grounds. *See Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 690 (9th Cir.2001). We do not suggest that the allegations of prior misconduct by the arresting officer were baseless, but only that the district court legitimately had the discretion to decide that Corbin had not provided a sufficient basis to show that they were probative of truthfulness.

### 3.

█ Corbin's third claim, that his sentence should be vacated and remanded for resentencing because he was not invited to allocute, is barred by his plea agreement not to appeal his sentence so long as it was within the Guidelines range.

**AFFIRMED.**