**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Jesus MURILLO–CONTRERAS, aka Jesus Martinez–Bravo, aka Jesus Gerardo Murillo–Contreras, aka Gary Contreras Murillo, Defendant—Appellant.**

**No. 02–10172.**
**D.C. No. CR–98–01544–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2003.*

Decided Nov. 20, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Raquel Arellano, Esq., USTU–Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Lee Tucker, Esq., Tucson, AZ, for Defendant–Appellant.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jesus Murillo–Contreras appeals his convictions for attempted illegal reentry after deportation and assault on federal officers. We affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

I

A

Because the motion for mistrial on grounds that the prosecutor's closing argument impermissibly shifted the burden of proof was essentially contemporaneous with the challenged prosecutorial comments, we review for harmless error. *See United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000). Reversal is warranted only if "it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *Id.* (citation omitted).

A prosecutor may comment on the defendant's failure to present exculpatory evidence. *See United States v. Mares*, 940 F.2d 455, 461 (9th Cir.1991). Comments highlighting a defendant's failure to call witnesses do not shift the burden of proof so long as the prosecutor does not comment on the defendant's failure to testify. *See Cabrera*, 201 F.3d at 1250. Since Murillo–Contreras testified on his own behalf, and the prosecution's argument was fairly made in response to defense counsel's closing, the challenged comments do not implicate this concern.

Although the prosecutor failed to explicitly acknowledge that the government had the burden of proof, reversal is unwarranted because the district court immediately reminded the jury that the government always has the burden and that the defendant has no responsibility to produce evidence. Even if they were improper, given the court's curative instruction, the prosecutor's comments were harmless. *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir.1987).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## B

Murillo–Contreras also argues that the comments merit reversal because the absent alibi witness, his wife, could not have testified without implicating herself in the crime of attempting to enter the United States illegally. However, because counsel failed to present this "absence for fear of self-incrimination" theory to the district court, it is not properly before us on appeal. *See* FED. R.CRIM. P. 51(b).

Moreover, witnesses who are not criminal defendants generally cannot properly invoke the Fifth Amendment privilege against self-incrimination to avoid appearing at trial altogether. Instead, they must take the stand, be sworn, and assert the privilege in response to each allegedly incriminating question. *See United States v. Tsui,* 646 F.2d 365, 367 (9th Cir.1981). Here, it is entirely speculative that Murillo–Contreras' wife would have invoked the Fifth Amendment had she taken the stand. Even if she had, it is sheer speculation that the invocation would have been valid. *Cf. United States v. Vavages,* 151 F.3d 1185, 1192 (9th Cir.1998). Further, there is no indication here that the district court had "specific or extensive knowledge of the case," which would have allowed for an exceptional "evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness." *See United States v. Moore,* 682 F.2d 853, 856 (9th Cir.1982).

The prosecutor's comments addressed only the failure of the defense to call witnesses to rebut the testimony presented by the government; they did not imply that Murillo–Contreras was required to prove his innocence. The district court immediately issued a cautionary instruction that clarified the burden of proof. We hold that the comments did not materially affect the fairness of the trial.

## II

We review for abuse of discretion the exclusion of evidence regarding the location of the international boundary line in the tunnel. *See United States v. Danielson,* 325 F.3d 1054, 1075 (9th Cir.2003). While attempted reentry after deportation is a specific intent crime, its elements do not require proof that the defendant actually entered the United States. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.2000) (en banc). The district court did not abuse its discretion in excluding evidence of an event that occurred in 2000, as it could not possibly have affected Murillo–Contreras' state of mind when he committed the crime in 1998.

## III

We review for abuse of discretion the district court's evaluation of the materiality of personnel file information. *See United States v. Cadet,* 727 F.2d 1453, 1468 (9th Cir.1984). The prosecutor followed the procedures for in camera review set forth in *United States v. Henthorn,* 931 F.2d 29 (9th Cir.1991), and our review of the information at issue confirms that it was properly withheld. The district court did not abuse its discretion in refusing to compel production of the personnel files.

## IV

We review for abuse of discretion the district court's decision refusing to order disclosure of the superseding grand jury transcript. *See In re Grand Jury Proceedings,* 62 F.3d 1175, 1178 (9th Cir. 1995). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists ... which outweighs the policy of secrecy." *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986) (per curiam) (citation omitted). Here, the sole superseding grand jury witness did not testify at trial; thus, the

district court did not abuse its discretion in refusing to order disclosure of the requested transcript. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 n. 12, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)(noting that typical "particularized needs" include impeachment, refreshing the recollection of, and testing the credibility of trial witnesses).

AFFIRMED.