NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROSARIO PADILLA-LOPEZ,<br><br>Defendant-Appellant. | No.  20-50302<br><br>D.C. No.<br>3:20-mj-20234-JLB-AJB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 15, 2023
Pasadena, California

Before:  PARKER,** BYBEE, and LEE, Circuit Judges.

We consider whether either the First Amendment or the common law right of public access applies to criminal discovery materials submitted *in camera* to a court under the procedure set forth in *United States v. Henthorn*, 931 F.2d 29 (9th Cir.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1991).  We hold that neither of these doctrines creates a presumption of access to the government's *ex parte Henthorn* application, and we affirm.

If a criminal defendant seeks the personnel files of testifying law enforcement officers, the prosecution must search and "disclose information favorable to the defense that meets the appropriate standard of materiality" under *Brady v. Maryland*, 373 U.S. 83 (1963).  *Henthorn*, 931 F.2d at 30–31 (quoting *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984)).  But if "the prosecution is uncertain about the materiality of information within its possession," we held in *Henthorn* that the government "may submit the information to the trial court for an in camera inspection and evaluation." *Id.* at 31 (quoting *Cadet*, 727 F.2d at 1467–68).

Here, the United States, following *Henthorn*'s procedure, submitted an *ex parte* application asking whether it needed to disclose certain information to Defendant Rosario Padilla-Lopez, who faced a misdemeanor illegal entry charge under 8 U.S.C. § 1325.  After concluding an *in camera* review of the materials, the magistrate judge found that the sealed information need not be disclosed.  At trial, Padilla-Lopez was found guilty of illegal entry and sentenced to time served.  He now appeals the district court's order affirming final judgment and denying his appeal of the magistrate judge's order.  His appeal hinges on a purported right of access to the government's sealed *ex parte* application under both the First Amendment and the common law.

"We review de novo whether the public has a right of access to the judicial record of court proceedings under the First Amendment, the common law, or [the Federal Rules of Criminal Procedure], because these are questions of law." *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017) (alteration in original) (quoting *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1081 (9th Cir. 2014)). Because district courts enjoy inherent authority to seal or unseal documents, an appellate court reviews a district court's decision to retain filings under seal for an abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003).

Generally, we have recognized two qualified rights of access to certain types of judicial records and proceedings. *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011). There is "'a First Amendment right of access to criminal proceedings' and documents therein." *Id.* (quoting *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (*Press-Enter. II*)). And there is "a common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Neither right applies to *Henthorn* criminal discovery materials that the court has found to be neither relevant nor material.

1. The First Amendment does not furnish a right of public access to the government's *ex parte* application submitted to the court under *Henthorn*'s

procedure for *in camera* review. The Supreme Court has long instructed courts to employ the two-part "experience and logic" test to ascertain whether the First Amendment's qualified right of public access attaches to a particular proceeding or document. *See Press-Enter. II*, 478 U.S. at 8–9. Courts must consider (1) experience: "whether the place and process have historically been open to the press and general public," and (2) logic: "whether public access plays a significant positive role in the functioning of the particular process in question." *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) (internal quotation marks and citation omitted).

Padilla-Lopez has failed to make a sufficient showing under either prong of this test. There is no tradition of public access to *Henthorn* materials once a court, upon conducting its *in camera* review, has determined that the sealed filings lack exculpatory or impeachment material under *Brady* or *Giglio v. United States,* 405 U.S. 150, 154 (1972) (requiring disclosure of information bearing on credibility of witness). Nor is there a history of open access to criminal discovery more broadly. *See United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018). "Logic" likewise fails to support a presumptive right of access here because it would not "play[] a significant positive role in the functioning of the particular process in question." *Press-Enter. II*, 478 U.S. at 8. On the contrary, such a presumption would undermine *Henthorn*'s framework of safeguarding the privacy interests of testifying law

4

enforcement officers while allowing the court to inspect for potential *Brady* or *Giglio* material. *See Forbes Media LLC v. United States*, 61 F.4th 1072, 1079–80 (9th Cir. 2023).

2. The common law likewise does not confer a right of public access to the government's *ex parte* application submitted under *Henthorn*. The common law analysis is informed by "similar considerations of historical tradition and the risks and benefits of public disclosure" which guide the First Amendment inquiry. *Forbes Media*, 61 F.4th at 1082. Here, there is no history of public access to *Henthorn* filings. Nor has Padilla-Lopez demonstrated that an "important public need," *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989), justifies disclosure.

3. The district court did not abuse its discretion in affirming the magistrate judge's denial of Padilla-Lopez's motion to unseal the government's *ex parte* application. The prosecutor followed *Henthorn*'s procedure. Our independent review of the *ex parte* application confirms that the document contains no information that would have been material to Padilla-Lopez's case. The district court thus did not err in maintaining the application under seal, and Padilla-Lopez's remaining arguments are unavailing.

**AFFIRMED.**