# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JESSE VEGA,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND<br>　　SECURITY,<br><br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-24-0205-I-1<br><br><br><br>DATE:  January 15, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Forasiepi, Esquire, and Shane Robertson, Esquire,
　Dallas, Texas, for the appellant.

Jennifer N. Milam, Esquire, Houston, Texas, for the agency.

Mateusz Czapla, Esquire, Edinburg, Texas, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

　　The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant concedes that he engaged in conduct unbecoming but argues that the administrative judge erred in sustaining the charges of lack of candor and abuse of position. He further argues that the penalty is unreasonably harsh and that the agency would not have removed him absent the lack of candor charge.

Regarding the lack of candor charge, the appellant argues that the agency failed to prove that he had an "intent to deceive." However, the Board has held that, unlike falsification, lack of candor does not require an intent to deceive. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 10 (2016) (citing *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284-85 (Fed. Cir. 2002)). Although lack of candor does involve an "element of deception," proof of that element requires only that an appellant knowingly made a false statement or failed to be fully forthright. *Fargnoli*, 123 M.S.P.R. 330, ¶ 10 (citing *Parkinson v. Department of Justice*, 815 F.3d 757, 766-67 (Fed. Cir. 2016); *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 11 (2012), *overruled in part on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25).

Accordingly, the Board has held that lack of candor requires proof of the following: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Fargnoli*, 123 M.S.P.R. 330, ¶ 10. Here, the appellant stated in a memorandum to his supervisor that he had pulled his vehicle over to the emergency lane on the night of his arrest. Initial Appeal File (IAF), Tab 7 at 32. As the appellant presumably knew, a forthright statement would have included the fact that his vehicle had fallen into a ditch. *See* IAF, Tab 6-1 (bodycam footage), Tab 7 at 40-43 (arrest report). We therefore agree with the administrative judge that the agency proved the charge of lack of candor.

To sustain a charge of misuse of position, the agency must prove that the appellant misused his public office for private gain. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 11 (2016) (citing *Mann v. Department of Health and Human Services*, 78 M.S.P.R. 1, 8 (1998)), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.[2] The appellant contends that he identified himself as a Border Patrol Agent to correct the responding officers' misapprehension that he was a constable for the Hidalgo County Sheriff's Office, where he was previously employed. However, the bodycam footage shows that the appellant identified himself as a Border Patrol Agent unprompted. *See* IAF, Tab 6-1 at 2:00. Under these circumstances, we find it more likely than not that the appellant identified himself as a Border Patrol Agent for the purpose of obtaining favorable treatment.

---

[2] In *Gardner* and *Mann*, the Board held that the charge of using one's office for private gain cannot be sustained when no private gain has been shown. *Gardner*, 123 M.S.P.R. 647, ¶ 11; *Mann*, 78 M.S.P.R. at 8. However, the charging language in both cases cited a violation of 5 C.F.R. § 2635.702. In this case, the proposal notice does not contain any regulatory reference, and the Board has expressly rejected the argument that, when an agency charges misuse of position, but does not reference a regulation, the agency should be held to a regulatory burden. *See Voorhis v. Department of Homeland Security*, 116 M.S.P.R. 538, ¶ 23 (2011), *aff'd*, 474 F. App'x 778 (Fed. Cir. 2012). In *Voorhis*, the Board sustained a charge of misuse of position without regard to whether the appellant actually benefited from the misuse. *Id.* We agree with the administrative judge that in this case, as in *Voorhis*, the agency need only prove that the appellant misused his position in an attempt to achieve some private gain, regardless of whether he ultimately benefited from his behavior.

Because we sustain the charges of lack of candor and abuse of position, it is unnecessary to address the appellant's contention that removal would be an unreasonably harsh penalty absent the lack of candor charge. We discern no error in the administrative judge's penalty analysis based on the sustained charges, and we agree that the penalty of removal is within the bounds of reasonableness, particularly given the appellant's potential *Giglio* impairment.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the U.S. Supreme Court held that the Government must disclose evidence affecting the credibility of Government witnesses. Subsequent case law has extended this rule to require Government agencies to review the personnel files of Government witnesses and disclose material that could cast doubt on their credibility or potential for bias. *See United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If

you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.