# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEREMY CAPULONG,
    Appellant,

   v.

DEPARTMENT OF HOMELAND
  SECURITY,
    Agency.

DOCKET NUMBER
SF-0752-24-0591-I-1

DATE: June 22, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward Blum, Esquire, and Wilbert David Sonnier, Los Angeles, California, for the appellant.

Monique Louise Rutter, Esquire, San Francisco, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's indefinite suspension of him. On petition for review, the appellant alleges that the administrative judge erred by determining that the agency did not violate his due process rights, abused his discretion, and erred by not reversing the agency's action. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant alleges that the administrative judge erred by not finding that the deciding official's consideration of Human Capital Advisory Memo 2022.75-3 (HCAM 2022.75-3) violated his due process rights because the agency did not disclose its use of the document to him before issuing the notice of decision on proposed indefinite suspension. Petition for Review (PFR) File, Tab 1 at 11-17. The administrative judge concluded that HCAM 2022.75-3 constituted new ex parte information but determined that it was not material. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 14.

HCAM 2022.75-3 amended Section I(1)(c) of the Handbook to Transportation Security Administration (TSA) Management Directive (MD) 1100.75-3, *Addressing Unacceptable Performance and Conduct*, by replacing language stating that indefinite suspensions may be imposed on an employee when the agency conducts an investigation into serious allegations against the employee. IAF, Tab 8 at 61, 92. The new language states that indefinite suspension may be imposed when an "[e]mployee has been arrested, and there is

reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment could be imposed." *Id.* at 61.

The deciding official admitted to considering HCAM 2022.75-3 prior to issuing the notice of decision on proposed indefinite suspension to the appellant. IAF, Tab 16 at 35. The notice of proposed indefinite suspension does not list HCAM 2022.75-3 among the information it relied upon in drafting the proposal, and the administrative judge found that there is no record evidence demonstrating that the agency notified the appellant that the deciding official would consider it. IAF, Tab 8 at 49; ID at 14. As a result, the administrative judge concluded that HCAM 2022.75-3 constituted new ex parte information. ID at 14.

"Although not every ex parte communication is impermissible, 'ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice.'" *Johnson v. Department of the Air Force*, 50 F.4th 110, 115 (Fed. Cir. 2022) (quoting *Stone v. Federal Deposit Insurance Corp.*, 179 F.3d 1368, 1377 (Fed. Cir. 1999)). In *Stone*, the U.S. Court of Appeals for the Federal Circuit identified the following non-exclusive factors to be used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was "of the type likely to result in undue pressure on the deciding official to rule in a particular manner." *Stone*, 179 F.3d at 1377. The administrative judge concluded that the ex parte information in HCAM 2022.75-3 was not material. ID at 14. He found that it had no relevance to the action at issue because neither the original language in TSA MD 1100.75-3, Section I(1)(c), nor the modified language from HCAM 2022.75-3 applied to the suspension imposed on the appellant. *Id.*

The appellant challenges the administrative judge's determination that the deciding official's consideration of HCAM 2022.75-3 did not introduce material information. PFR File, Tab 1 at 14-17. First, he argues that the materiality of the

ex parte information is self-evident. *Id.* at 14, 16. He maintains that the materiality becomes self-evident when "the deciding official . . . admits that she considered the information in reaching the decision on the discipline." *Id.* at 14 (citing *Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 12 (2011); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 12 (2011); *Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 11 (2011)).

In *Lopes*, the Board considered the third *Stone* factor regarding undue pressure. 116 M.S.P.R. 470, ¶ 12. The Board stated that when a "[d]eciding [o]fficial admits that the ex parte communications influenced his penalty determination," the "materiality of the ex parte communication . . . [is] self-evident from the [d]eciding [o]fficial's admission." *Id.* (quoting *Ward v. U.S. Postal* Service, 634 F.3d 1274, 1280 n.2 (Fed. Cir. 2011)). The Board repeated the same point in *Gray*. 116 M.S.P.R. 461, ¶ 11 (stating that "the lack of such undue pressure may be less relevant to determining when the ex parte communications deprived the employee of due process where . . . the [d]eciding [o]fficial admits that the ex parte communications influenced his penalty determination") (quoting *Ward*, 634 F.3d at 1280 n.2). The Board stated likewise in *Silberman* that ex parte communication is plainly material when the deciding official has admitted that the information influenced his penalty determination. 116 M.S.P.R. 501, ¶ 12.

In each of these cases, the materiality of the introduction of ex parte information depended upon the deciding official being influenced by it. The appellant's assertion that the materiality of ex parte information is self-evident when a deciding official considers it does not correctly state this standard. Indeed, to hold that consideration of ex parte information is sufficient to make it material would render superfluous the materiality requirement.

Second, the appellant asserts "plain error" to the extent that the administrative judge found that HCAM 2022.75-3 was "not a significant factor" in the deciding official's decision and therefore was not material. PFR File,

Tab 1 at 15 (citing *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶¶ 9-10 (2012); *Pickett v. Department of Agriculture*, 116 M.S.P.R. 439, ¶ 12 (2011)). The appellant does not accurately describe the administrative judge's reasoning because the administrative judge did not state that HCAM 2022.75-3 was not a significant factor in the deciding official's determination. Rather, he stated that it had "no relevance," and therefore was not material, because the circumstances addressed by the memorandum did not apply to the appellant. ID at 14.

The cases cited by the appellant also support the administrative judge's determination of lack of materiality. In *Solis*, the Board held that an agency's decision not to provide the appellant with notice regarding his *Giglio*[2] issues but then listing the appellant's *Giglio* issues as an aggravating *Douglas*[3] factor in his removal was material. 117 M.S.P.R. 458, ¶¶ 9-10. In *Pickett*, the Board determined that the deciding official's consideration of a rumor in a newspaper article that the appellant held his wife at gunpoint was material because it influenced his decision, despite his claim that it only played a "minor role." 116 M.S.P.R. 439, ¶ 12. Like the examples above, the ex parte information in *Solis* and *Picket* was not only considered by the deciding officials but also affected their decisions. The appellant has presented no information that the ex parte information in this case affected the decision on his proposed indefinite suspension.

---

[2] In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the U.S. Supreme Court held that the government must disclose evidence affecting the credibility of Government witnesses. Subsequent case law has extended this rule to require Government agencies to review the personnel files of Government witnesses and disclose material that could cast doubt on their credibility or potential for bias. *See United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991).

[3] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.